DANAHY, Judge.
The state appeals from an order of the trial court which granted the motions of the appellees to suppress physical evidence. We relinquish jurisdiction and remand for a determination of standing as to appellees Backner, Burlingame, and Rinchack, and affirm as to appellees Gasper, Moran, and Murphy.
This case involves the warrantless search of an airplane. During the search, officers found closed and sealed packages carefully wrapped in opaque plastic in the rear of the plane where the seats had been removed. *410 The officers cut the packages open and discovered that they contained marijuana. As a result of this discovery, the state charged the six appellees with possession of and conspiracy to traffic in marijuana. All six filed motions to suppress the marijuana. Gasper, Moran, and Murphy entered into a stipulation with the state that they had standing to challenge the search. Backner, Burlingame, and Rinchack did not. After a hearing on January 20, 1981, the court granted the motions to suppress.
We relinquish jurisdiction of the cases of appellees Backner, Burlingame, and Rinchack. Before the defendants may challenge a search or seizure as being a violation of their federal and state constitutional rights, they must show that they have standing to do so. These appellees have standing only if they can demonstrate that their legitimate expectation of privacy in the plane searched, or the contents of the packages seized, was invaded by the police officers. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Hutchinson, 404 So.2d 361 (Fla. 2d DCA 1981). On this appeal, the state has chosen for the first time to challenge these appel-lees’ standing to contest the search and seizure. The issue of standing was not litigated in the trial court. Because that is so, we do not, at this point, rule on the merits of the order as it relates to them. Rather, we relinquish our jurisdiction to the trial court for a determination whether the constitutional rights of appellees Backner, Burlingame, and Rinchack were violated. See Morales v. State, 407 So.2d 321 (Fla. 3d DCA 1981).
The standing of the remaining three appellees was determined by stipulation. Therefore, we may proceed to consider the merits of their challenge to the search and seizure. We hold that the court did not err in suppressing the marijuana. While we believe that the officers had probable cause to search the airplane and that exigent circumstances made the search of the plane without a warrant proper,[1] we nevertheless disapprove the opening of the wrapped packages on the authority and reasoning of Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 61 L.Ed.2d 744 (1981). There the Supreme Court held that although the warrantless search of a vehicle was lawful, a warrant was still required to open packages found in a recessed compartment of the vehicle. Robbins did exempt from this rule a package whose contents can be seen through its covering or whose distinctive configuration “proclaims its contents.” Those exemptions are not applicable here because neither the opaque wrapping nor the packages’ shape or size revealed that they contained marijuana so as to bring them under the “plain view” exception to the warrant requirement of the fourth amendment.[2] Thus, a warrant was required to open the packages.
Accordingly, we affirm the order of suppression as to appellees Gasper, Moran, and Murphy.
We relinquish our jurisdiction as to the cases of appellees Backner, Burlingame, and Rinchack. We remand to the trial court for a period of thirty days with directions that the court make a determination of their standing to challenge the search and seizure. In the event the judge finds that these appellees do not have standing, he will enter an order of such findings together with an order denying appellees’ motion to suppress.
HOBSON, A. C. J., and GRIMES, J., concur.

. We treat the search of the airplane as one carried out under the “automobile exception” to the warrant requirement of the fourth amendment under the line of cases first decided in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

. The trial judge, with competent evidence to support him, made that finding and we must interpret the evidence in a manner most favorable to sustain his ruling. McNamara v. State, 357 So.2d 410 (Fla.1978).